UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 8:16-bk-00392-CPM |
| | Chapter 7 |
| ARAVENA, ANGEL M. | |
|                   Debtor. | |
| _____ / | |
| | |
| DOUGLAS N. MENCHISE, TRUSTEE | |
| FOR THE ESTATE OF ANGEL ARAVENA, | Adv. Pro. No.: 8:16-ap-00450-CPM |
| | |
|        Plaintiff, | |
| vs. | |
| | |
| ST. JOHNS INSURANCE COMPANY, INC., | |
| | |
|        Defendant. | |
| _____ / | |

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

Defendant, ST. JOHNS INSURANCE COMPANY, INC. ("St. Johns"), through counsel and pursuant to Administrative Order FLMB-2014-10, replies to the *Trustee's Response in Opposition to Defendant's Motion to Dismiss with Prejudice (Doc. No. 24)* ("Response"). In reply to the Response, and in support of dismissal with prejudice, St. Johns states as follows:

    1.    St. Johns' Motion to Dismiss (Doc. No. 22) is plainly directed at all three counts of the Trustee's Complaint. Despite the Trustee's curious assertion that the Motion to Dismiss is only directed at Count III regarding breach of contract, see *Response*, para. 9, the Motion to Dismiss explains that the entirety of the Complaint should be dismissed because all three (3) counts are predicated upon the existence of a settlement agreement. Indeed:

        a.    **Count I** requests declaratory relief "that the Trustee is the owner of the Claim and the Settlement Proceeds . . . ." In other words, it seeks payment of the Settlement Proceeds. However, before any

1

person or entity can claim ownership in the Settlement Proceeds, the Settlement Proceeds must actually exist; and in order for the Settlement Proceeds to exist, the Document on which the Trustee bases his entire Complaint necessarily must be found to be an enforceable contract.

b. **Count II** seeks turnover of the Settlement Proceeds; it seeks payment of the Settlement Proceeds. Again, before the Trustee can seek payment of the Settlement Proceeds, the Document must first be enforceable as a matter of law.

c. **Count III**, seeks damages for breach of the Document. Like the other counts, this Count seeks the payment of the Settlement Proceeds.

2. Thus, all counts of the Complaint seek to recover the purported Settlement Proceeds, but a predicate to that recovery is that the Document constitutes an enforceable settlement agreement. It is not enforceable due to lack of assent by the parties.

3. Only Count III alleges that "[a]ll conditions precedent to maintaining this action have occurred or have been excused." Neither Count I nor Count II, which rely on the enforceability of the Document, include this allegation. Moreover, the "conditions precedent" allegation is undermined by the Trustee's citations to the record, as explained below, and by other allegations by the Trustee within the Complaint.

4. For example, with respect to De Negri, paragraph 12 of the Complaint does state that she assigned her interest in the real property, but that assignment occurred on February 5, 2011. The Document is dated October 25, 2012, and yet, it still required De Negri's approval, despite the alleged assignment of interest over a year prior. Moreover, assignment of De Negri's interest in the real property is not tantamount to an assignment of the insurance proceeds. Indeed, the Complaint does not allege that De Negri assigned her right to the insurance proceeds.

5. In the Response, the Trustee relies upon documents that are outside of the four corners of his Complaint, which demonstrate the absence of facts from within the four corners upon which to state a cause of action and highlights the failure to include interested parties.

6. For example, the Trustee cites to Docket Entry No. 27 from the Main Case, which is the Court's *Order Granting Suncoast Credit Union's Motion for Relief from Stay Regarding Real Property and Overruling Debtor's Objection and Trustee's Joinder in Objection*. It is unclear why the Trustee cites to this Order as it only permits a joint demand and does not indicate whether SunCoast has consented, but it is notable that:

   a. Suncoast's Motion for Relief from Stay (Main Case Doc. No. 7) makes clear that Suncoast had not consented to the Document as of the date of its Motion; and

   b. the Debtor's objection to Suncoast's Motion for Relief from Stay (Main Case Doc. No. 8), in which objection the Trustee joined (Main Case Doc. No. 16), specifically states that "there is no binding agreement which has been consummated."

Thus, the Trustee previously adopted the Debtor's assertion that the Document was not a binding agreement. While citations outside the four corners are generally not permissible at this stage, the Court may take judicial notice of matters of public record. *See Halmos v. Bomardier Aerospace Corp.,* 404 Fed.Appx. 376 (11th Cir. 2010). In this instance, the Court may take judicial notice of the fact that the Trustee had adopted the Debtor's position that an enforceable settlement agreement was never reached by the parties.

7. The Trustee's citation to the Order likewise highlights that Suncoast, De Negri, and the MacKinnon Law Group P.A. are indispensible parties who would appear to have some claim to the Settlement Proceeds (to the extent the Document is enforceable – it is not), but who are not joined in this lawsuit. Indeed, Suncoast in its Motion for Relief from Stay asserts that

"Creditor's rights as loss payee are contract and third party beneficiary rights that are superior to any other party-in-interest." *Motion for Relief from Stay*, para. 6.

8. Accordingly, the Trustee's Response ultimately supports St. John's position that the Document is not enforceable. Thus, the Court should grant St. Johns' Motion to Dismiss.

WHEREFORE, the Defendant respectfully requests that the Court grant the Motion, enter an Order dismissing the Trustee's Complaint with prejudice, and, to the extent necessary, enter a judgment in favor of the Defendant; or, in the alternative, dismiss the Complaint to allow the Trustee to join the indispensible parties as stated above; and grant such other relief as is necessary and just.

Dated October 26, 2016.

    */s/ Ryan E. Davis*
RYAN E. DAVIS
Florida Bar No. 0179851
rdavis@whww.com
C. ANDREW ROY
Florida Bar No. 91629
aroy@whww.com
**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246; (407) 645-3728 (facsimile)
Attorneys for St. Johns Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2016, a true and correct copy of the foregoing has been furnished via:

***CM/ECF to:***

Douglas N. Menchise, Esq., 2963 Gulf to Bay Boulevard, Suite 300, Clearwater, FL 33759 (Email: Dmenchise@verizon.net);

Scott D. Stamatakis, Esq., Stamatakis, Thalji and Bonanno, 8751 North Himes Avenue, Tampa, FL 33614 (Email: Bankruptcy_Court_Service@MyInjury.com)

*US Mail to:*

Debtor
Angel M. Aravena, 9457 Forest Hills Place, Tampa, FL 33612

                                           */s/ Ryan E. Davis*
                                           RYAN E. DAVIS